UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-322-H

BRETT and LINDA DAVIS                                                                PLAINTIFFS

V.

GLOBAL CLIENT SOLUTIONS, LLC
GHS SOLUTIONS, LLC,
ROCKY MOUNTAIN BANK & TRUST, and
JOHN AND JANE DOES A-K                                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Several weeks ago this Court issued a Memorandum Opinion and Order which denied the motions of Defendants, Global Client Solutions, LLC ("Global"), GHS Solutions, LLC ("GHS") and Rocky Mountain Bank & Trust ("RMBT"), to compel arbitration of the disputes in this lawsuit. At the time the Court noted several other pending motions: (1) Plaintiffs' motion for leave to file an Amended Complaint, and (2) Defendants', Global and RMBT, motion to dismiss based upon their not being in the business of debt collection and the absence of specific allegations of unconscionable or unlawful conduct. The Court has now had an opportunity to consider both of these motions.

I.

On May 5, 2010, Plaintiffs filed their original complaint. Shortly thereafter, Defendants moved to compel arbitration and stay the lawsuit. Soon after that, on August 2, 2010, Defendants moved to dismiss the complaint. In addition to responding to that motion on September 10, 2010, Plaintiffs moved for leave to file their Amended Complaint. It contains 67 paragraphs of reasonably specific allegations concerning the conduct of each Defendant. It then

asserts the allegations on behalf of the class of all residents for whom Defendants have established, maintained or managed a debt settlement account. The Amended Complaint then asserts causes of action for (1) violation of Kentucky's Debt Adjustment Act, KRS 380.010, *et seq.*; (2) violation of Kentucky's Consumer Protection Act, KRS 367.010, *et seq.*; (3) civil conspiracy; (4) breach of fiduciary duty against Defendant Global; and (5) injunctive relief.

The Amended Complaint is reasonably timely, acts in part as a response to Defendants' contention that the original lacked specificity and does not unfairly prejudice Defendants. The Court will allow it.

II.

Defendants, Global and RMBT, have made strong motions to dismiss, primarily on the grounds that neither is a debt adjuster within the meaning of the statute. Essentially, Defendants argue that while they may act as the bank for and agent of one, such as GHS, which is a debt adjuster, neither of them may be so identified.

The Amended Complaint quite clearly alleges that Global, GHS and RMBT have collectively entered the "Debt Adjusting Business" within the meaning of the Kentucky statutes. It sets out a variety of individual acts by each and alleges that Defendants essentially purposefully coordinated their debt collection efforts. Defendants' responses suggest that they both deny some of these factual allegations or disagree with the legal conclusions which Plaintiffs draw from them. Nevertheless, this Court concludes that the allegations are sufficient at this point in time to assert plausible grounds for causes of action under both Kentucky's Debt Adjustment Act and its Consumer Protection Act. Whether the claims under these two statutes are ultimately viable must await discovery and the application of legal principles to the

established facts. The Court does not see that it would be helpful or reasonable to identify the parameters of the statute prior to knowing more about the precise role which Global and RMBT may have played. The Court concludes that dismissal is premature.

The Court has more difficulty with Plaintiffs' civil conspiracy claim. Presumably, each Defendant can be independently and collectively liable for violations of Kentucky's Debt Adjustment Act and its Consumer Protection Act. Presumably, the civil conspiracy claims are not meant to duplicate those claims. In reviewing the complaint, it is difficult to determine whether Plaintiffs actually alleged any additional unlawful acts of conspiracy other than those which support its statutory claims. Consequently, the Court is not sure whether the allegations as they currently exist can support separate causes of action against these Defendants for civil conspiracy. For now, the Court will allow the allegations to stand.

The Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiffs' motion for leave to file its First Amended Complaint is SUSTAINED and the First Amended Complaint is ORDERED FILED.

IT IS FURTHER ORDERED that the motion of Defendants to dismiss the complaint is DENIED at this time.

At an appropriate later date, the Court will reconsider the decisions in Section II of the Memorandum. For now, the parties are directed to confer and agree upon a litigation plan. Upon completion of this task, the parties should contact the Court's Deputy, Andrea Kash, at (502) 625-3538, who will schedule a court conference to discuss these and other issues in the case.

cc: Counsel of Record